Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@HaywardFirm.com
**HAYWARD & ASSOCIATES PLLC**
10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*telephone*)
(972) 755-7110 (*facsimile*)

**PROPOSED COUNSEL FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** § § | | |
| **THEAG NORTH DALLAS LLC,** § § § | **Case No. 19-30957** | |
| **Debtor.** § § § | **Chapter 11** | |
| **In re:** § § | | |
| **THEAG NORTH ARLINGTON LLC,** § § § | **Case No. 19-41108** | |
| **Debtor.** § § § | **Chapter 11** | |
| **In re:** § § | | |
| **THEAG MANAGEMENT LLC,** § § § | **Case No. 19-41109** | |
| **Debtor.** § § § § | **Chapter 11** | |

## MOTION FOR ORDER DIRECTING PROCEDURAL
## JOINT ADMINISTRATION OF AFFILIATED DEBTORS
## PURSUANT TO SECTION 105(a) AND RULE 1015

THEAG North Dallas LLC ("TND"), THEAG North Arlington LLC ("TNA"), and THEAG Management LLC ("TM" together with TND and TNA, the "Debtors"), the debtors in these chapter 11 bankruptcy proceedings pending in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division, hereby file their *Motion for Order Directing Procedural*

*Joint Administration of Affiliated Debtors Pursuant to Section 105(a) and Rule 1015* (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and 157. This matter concerns the administration of this bankruptcy estate; accordingly, the matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue in this District is proper pursuant to 28 U.S.C. § 1408 and 1409. The predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 1015 and L.B.R. 1015.

## II. BACKGROUND

3. The Debtors are privately-held Texas limited liability companies that operate two commercial signage franchises in Arlington and Dallas, Texas (the "FastSigns Stores"). Debtor TNA owns and operates a FastSigns Store in Arlington, and Debtor TDA operates a FastSigns Store in Dallas. Debtor TM owns real property located at 2119 Sudau Court, Denton, Texas that is currently leased to a third party. The FastSigns Stores currently are open and actively serving customers.

4. On March 18, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), commencing the above-styled bankruptcy cases (the "Bankruptcy Cases") to protect their valuable assets and restructure and reorganize their affairs.

5. The Debtors continue to operate and manage their businesses as "debtors in possession" pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Cases under section 1104 of the Bankruptcy Code.

### III. ARGUMENT AND AUTHORITY

6. By filing this Motion, the Debtors request that the Court order the joint administration of the Bankruptcy Cases under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015. "'The purpose of joint administration is to make case administration easier and less costly.'"[1] "The process of joint administration has been referred to as merely a 'creature of procedural convenience' since it avoids the inevitable duplication of effort that would result if cases involving related debtors were to separately proceed in bankruptcy."[2]

7. Before entering a joint-administration order, "the court shall give consideration to protecting creditors of different estates against potential conflicts of interest."[3] Here, jointly administering the Debtors' estates is in the best interest of the estates and their creditors for a number of reasons. For example, all of the Debtors have common ownership and creditors, which would result in duplicative noticing. Similarly, the Debtors share their largest secured creditor, Stearns Bank, to whom they and their respective assets are allegedly jointly and severally liable.

8. Jointly administering these Bankruptcy Cases will eliminate the need for duplicative notices, applications, motions, and orders and the concomitant time and expenses normally associated with such tasks for all interested parties, and joint administration will especially relieve each estate of significant administrative burdens. Joint administration will also

---

[1] *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Maine 1998) (quoting J. Stephen Gilbert, *Substantive Consolidation in Bankruptcy: A Primer*, 43 Vand. L. Rev. 207, 212 (1990)); *In re Farmers and Feeders, Inc.*, No. 93-30770, 1994 WL 1887489, *3 (Bankr. D.N.D. Jan 10, 1994) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases without affecting the substantive rights of creditors." (quotations omitted)).

[2] *In re Farmers and Feeders*, 1994 WL 1887489, *3 (citing *In re Steury*, 94 B.R. 553-54 (Bankr. N.D. Ind. 1988)).

[3] *See* Bankruptcy Rule 1015.

relieve this Court of the administrative burden of entering duplicative orders and maintaining duplicative files.

9. Because joint administration is only for administrative consolidation and not substantive consolidation of the estates, it will not affect the substantive rights of the Debtors' respective creditors. Separate claims registers will be maintained, and each creditor will still be required to file a claim against its specific Debtor's estate. Finally, supervision of the administrative aspects of the Bankruptcy Cases by the Office of the United States Trustee will be simplified. For those reasons, the Debtors submit that it is in the best interests of the estates and the creditors thereof for the Bankruptcy Cases to be jointly administered.

10. The Debtors request that the caption of their cases be modified to reflect the joint administration of the Bankruptcy Cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS.
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **THEAG NORTH ARLINGTON LLC,** | § | Case No. 19-41108 |
| | § | **Chapter 11** |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

11. The Debtors also ask this Court to direct that a notation in substantially the following form be entered on the docket sheet for the Bankruptcy Cases to reflect the joint administration of the cases:

> An order has been entered directing the procedural consolidation and joint administration of the bankruptcy cases of *THEAG North Dallas LLC*, Case No. 19-30957; *THEAG North Arlington LLC*, Case No. 19-41108; and *THEAG Management LLC*, Case No. 19-41109 in accordance with Federal Rule of Bankruptcy Procedure

    1015(b). The docket in Case No. 19-41108 shall be consulted for all matters affecting these cases.

12. The Debtors are not aware of any administrative or scheduling order that might require modification as a result of the requested joint administration.

13. In summary, the Debtors request that the Bankruptcy Cases be jointly administered for procedural purposes to the extent of the following:

  a. One docket shall be maintained for the Bankruptcy Cases under the case number assigned to 19-41108;

  b. All pleadings, orders and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are jointly administered under the case number assigned to 19-41108;

  c. The United States Trustee shall conduct joint informal meetings with Debtors, if any are required;

  d. Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

  e. Proofs of claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in which Debtor's case such claim is to be filed; and

  f. Separate Claims Registers shall be maintained for each Debtor.

## IV. <u>PRAYER</u>

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto, granting the relief requested herein and awarding the Debtors such other and further relief as may be just and proper.

Dated: March 18, 2019

Respectfully submitted,

**HAYWARD & ASSOCIATES PLLC**

By: */s/ Melissa S. Hayward*
    Melissa S. Hayward
    Texas Bar No. 24044908
    MHayward@HaywardFirm.com

10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

**PROPOSED COUNSEL FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 18, 2019, a true and correct copy of the *Motion for Order Directing Procedural Joint Administration of Affiliated Debtors Pursuant to Section 105(a) and Rule 1015* was served upon the parties listed on the attached service list.

*/s/ Melissa S. Hayward*
Melissa S. Hayward